UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA HOWARD,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>PATENAUDE & FELIX APC,<br><br>　　　　　　　　Defendant. | CASE NO. 21-CV-00686-LK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

　　　This matter comes before the Court on Defendant Patenaude & Felix, APC's ("P&F's") Motion for Reconsideration, Dkt. No. 34, Plaintiff Debra Howard's response, Dkt. No. 36, and P&F's unauthorized reply, Dkt. No. 37.[1] To dispel any lingering misconception that this case was a close call, the Court clarifies that P&F's actions violated the FDCPA, WCAA, and CPA regardless of whether it actually received, constructively received, or never received the garnished funds. Its arguments about receipt of payment simply miss the mark. The motion is denied.

---

[1] A party may not file a reply to a motion for reconsideration absent authorization from the Court. LCR 7(h)(3) (where the Court requests a response, it "*may authorize a reply*") (emphasis added). The Court did not authorize P&F's reply and accordingly strikes it. *See Laffoon v. Astrue*, No. C10-1887-MJP, 2011 WL 3924810, at *2 n.1 (W.D. Wash. Aug. 18, 2011) ("Pleadings which fail to comply with any provision of the Court's Local Rules may result in the pleading being stricken without further notice.").

ORDER DENYING MOTION FOR RECONSIDERATION - 1

I.     DISCUSSION

On September 30, 2022, the Court issued its Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's Cross-Motion for Summary Judgment. Dkt. No. 33. It found P&F liable under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f, 1692f(1); the Washington Collection Agency Act ("WCAA"), Wash. Rev. Code § 19.16.250(21); and the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86. *See* Dkt. No. 33 at 15–29. P&F timely moved for reconsideration. Dkt. No. 34.

Motions for reconsideration are disfavored, and the Court will ordinarily deny them unless the moving party shows "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Such motions are not intended to "provide litigants with a second bite at the apple," and they should therefore not be used to "ask a court to rethink what the court had already thought through[.]" *Barton v. LeadPoint Inc.*, No. C21-5372 BHS, 2022 WL 293135, at *1 (W.D. Wash. Feb. 1, 2022).

P&F contends that the Court erred by deciding this case on a theory of "constructive delivery" and, in turn, finding that the garnished funds were "constructively delivered" to P&F once deposited in the superior court registry. Dkt. No. 34 at 2–9. This dogged focus on receipt of payment mischaracterizes the Court's decision and obfuscates the controlling inquiry. Constructive delivery was not the "hook on which this Court hung its holding." Dkt. No. 37 at 2. Rather, the Court expressly framed the "dispositive question" as "whether Howard owed a balance on the 2016 judgment even after her wages were garnished simply because the clerk failed to transmit those funds from the court registry to P&F." Dkt. No. 33 at 16. The answer is "no." *See id.* at 17 ("Howard no longer owed P&F $492.32 once it was garnished from her wages and transmitted to the court registry."); *id.* at 18 ("On at least four occasions, P&F represented to

Howard that she owed a balance even though it had already garnished the full amount from her bank account and wages."). Thus, while the Court made passing mention of "constructive delivery,"[2] the outcome turned on its conclusion that Howard no longer owed a debt once her wages were garnished. *See id.* at 18–19 ("P&F's representations to Howard that it never received the final garnishment amount may have been literally true, but they were nonetheless deceptive and misleading because they suggested that Howard needed to pay an amount (plus additional interest) that had already been garnished from her wages."). And P&F's actions in this case demonstrate why that is so. Even though it knew the garnished funds were in the superior court registry, it attempted to re-collect amounts that it had already garnished from Howard's wages on multiple occasions. *See id.* at 5–8, 19; *see also Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1207 (M.D. Fla. 2015) (once defendant knew "that it needed to claim funds from the bankruptcy registry and that the amount the [plaintiffs] owed on the loan should be reduced accordingly," it "knew it was seeking to enforce a debt greater than that actually owed").[3]

## II.     CONCLUSION

For the foregoing reasons, the Court DENIES P&F's Motion for Reconsideration. Dkt. No. 34.

Dated this 17th day of October, 2022.

Lauren King
United States District Judge

---

[2] Howard is correct that the Court used the term "constructive delivery" in the colloquial sense, meaning that after the wages were transmitted to the court registry, "it was within P&F's sole province to move the court for an order disbursing the funds," and P&F could no longer represent to Howard that she was still obligated to pay what had already been taken from her through the garnishment process. Dkt. No. 33 at 17.

[3] As Howard notes, P&F's actions violated the FDCPA in more ways than one. Dkt. No. 36 at 2–4; *see, e.g.*, Dkt. No. 33 at 6–8 & n.6, 18 n.14. Thus, even assuming for the sake of argument that Howard legally owed a debt until P&F received the garnished funds, it would still be liable under the FDCPA, WCAA, and CPA.